THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **MARTIN VAZQUEZ VAZQUEZ**,<br>    Plaintiff,<br><br>    v.<br><br>**PAROLE BOARD OF THE COMMONWEALTH OF PUERTO RICO; PUERTO RICO DEPARTMENT OF CORRECTIONS AND REHABILITATION,**<br>    Defendants. | Civil Case. NO. 12-1181 (PG) |

ORDER

The plaintiff, Martin Vazquez Vazquez, is a prisoner of the Commonwealth of Puerto Rico's Department of Corrections and Rehabilitation. This action against the Parole Board of the Commonwealth of Puerto Rico and the Department of Corrections under 42 U.S.C. §1983 purports to expedite the proceedings of the Parole Board regarding a petition filed by the plaintiff.

Aside from the fact that, to this date, summons has not yet been served on defendants in clear violation of Fed.R.Civ.P. 4(m), we find that this Court's limited jurisdiction was improperly pleaded.

"Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." See Gunn v. Minton, 133 S.Ct. 1059, 1064, 185 L.Ed.2d 72 (2013) (citing Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377, 114 S.Ct.1673, 128 L.Ed.2d 391 (1994)). Congress has authorized the federal district courts to exercise original jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." See 28 U.S.C. § 1331.

Moreover, it is well settled law that the allegations contained in a prisoner complaint are held "to less stringent standards than formal pleadings drafted by lawyers...." See Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972). Such a complaint should

not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. See Haines, 404 U.S. at 520-21; see also Conley v. Gibson, 355 U.S. 41, 45-46 [78 S.Ct. 99, 101-102, 2 L.Ed.2d 80] (1957)."

Applying these principles to petitioner's complaint, we conclude that none of plaintiff's allegations establish a particular violation of his constitutional rights under 42 U.S.C. §1983.[1]  Actually, from the face of the Complaint it is patent that plaintiff's claims only concern deficiencies with the proceedings before the Parole Board, such as lack of compliance with the terms set forth by statute and failure to notify a hearing. See Docket No. 1 at ¶¶2-7. These allegations are insufficient to require any further proceedings before this Court. As such, plaintiff's only course of redress is the Court of Appeals of the Commonwealth of Puerto Rico, which has exclusive jurisdiction to review decisions from the Parole Board. See Chapter IV of the Uniform Administrative Procedure Act of the Commonwealth of Puerto Rico, 3 L.P.R.A. §2171.

Hence, the action is hereby DISMISSED WITHOUT PREJUDICE.

**SO ORDERED.**

In San Juan, Puerto Rico, February 27, 2014.

S/ **JUAN M. PÉREZ-GIMÉNEZ**
**JUAN M. PÉREZ-GIMÉNEZ**
**UNITED STATES DISTRICT JUDGE**

---

[1] Plaintiff merely states the following: "That all my rights have been violated by the agencies keeping me confined after I have complied with all my rehabilitation program." See Docket No. 10 at ¶10.